IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **TIMOTHY MCNEAL**, <br><br>    Defendant. | Case No.: 7:12-CR-7 (HL) |

### ORDER

Before the Court are the following motions filed by Defendant Timothy McNeal: motion for disclosure of Defendant's recorded interview (Docs. 136, 141); motion to dismiss the indictment (Docs. 145, 147, 151); motion to set a hearing on motion to dismiss the indictment (Doc. 149); motion to pursue charges against law enforcement agents (Docs. 152, 154); motion to appoint counsel (Doc. 146). Upon review, the Court **DENIES** each of Defendant's motions.

**I.   BACKGROUND**

A grand jury in this district returned an indictment on February 16, 2012, charging Defendant with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count Two); Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and

Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four). (Doc. 1). Trial of this matter commenced March 4, 2013. On March 5, 2013, a jury convicted Defendant on Counts One, Two, and Four. (Doc. 59).

Defendant appeared before the Court for sentencing on June 21, 2013. The United States Probation Office prepared a Presentence Investigation Report prior to sentencing. (Doc. 68). Probation determined that Defendant qualified as both a career offender under U.S.S.G. § 4B1.1(a) and an armed career criminal under the provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a). (Id. at ¶¶ 29-31). Consequently, Probation calculated Defendant's total offense level as 34. (Id. at ¶ 33). With a criminal history category of VI, Defendant's advisory sentencing guideline range became 262 to 327 months. (Id. at ¶¶ 44-45, 66). The Court sentenced Defendant to serve a term of imprisonment of 262 months, to run consecutively to Defendant's State of Georgia prison sentence in Colquitt County Superior Court, Case No. 05CR1877, and to be followed by six years supervised release. (Doc. 71). The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on November 17, 2014. (Doc. 91).

Defendant subsequently filed a twice-amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docs. 97, 100, 104). The Court denied Defendant's motion. (Docs. 125, 127). The Court also denied Defendant's untimely and meritless motion for new trial. (Docs. 118, 124).

## II. DISCUSSION

### A. Disclosure of Recorded Interview

Defendant moves the Court to issue an order requiring disclosure of a recorded interview conducted by the Georgia Bureau of Investigation ("GBI"). Defendant claims the interview illustrates the GBI's failure to follow policy and infringement of his due process rights under Brady[1] and Giglio[2]. According to Defendant, GBI agents threatened him during the interview and implicated Defendant's involvement in a homicide. Defendant states he has attempted to acquire a copy of the recorded interview from his attorney and through a Freedom of Information request. His requests were denied.

Defendant provides no legal basis for the Court to order disclosure of the requested materials. To the extent Defendant seeks production of the recorded interview pursuant to Federal Rule of Criminal Procedure 16, the Court lacks jurisdiction to consider the motion. Rule 16 imposes on the Government an ongoing duty to disclose any written or recorded statement of the defendant before or during trial. Fed. R. Crim. P. 16(a)(1)(B) and 16(c). "Nothing in the rule grants the district courts the authority to enforce the rule long after the criminal

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963) (holding that "due process requires a prosecutor to disclose material exculpatory evidence to the defendant before trial").
[2] Giglio v. United States, 405 U.S. 150 (1972) (holding that the Government's failure to correct knowingly false testimony necessitates a new trial if there is a reasonable likelihood that the false testimony could have affected the judgment of the jury).

case has concluded." United States v. Felix, 298 F. App'x 905, 906 (11th Cir. 2008); see also District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009) (observing that "nothing in our precedent suggest[s] that this disclosure obligation continued after the defendant was convicted and the case was closed").

Should Defendant's motion be interpreted as an attempt to gather evidence in preparation for filing a second or successive § 2255 motion, the Court lacks jurisdiction to afford Defendant the relief requested. A federal prisoner desiring to file a successive § 2255 motion must first move the Eleventh Circuit Court of Appeals for an order authorizing the district court's consideration of such a motion. See 28 U.S.C. § 2255(h). Absent prior authorization, the district court lacks jurisdiction to consider a successive § 2255 motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication Defendant has sought and obtained leave from the Eleventh Circuit to file a second § 2255 motion. The Court accordingly may not consider Defendant's present motion.

Defendant's motion for production of his recorded interview is therefore **DENIED** for lack of jurisdiction.

### B.  Motion to Dismiss Indictment

Next, Defendant moves the Court to dismiss the indictment as a sanction for the Government's alleged failure to provide discovery pursuant to Rule 16, Brady, and Giglio. The exact nature of the purported violation is not clear from

4

Defendant's motion. Regardless, the Court lacks jurisdiction to consider any motion to dismiss the indictment.

A motion to dismiss the indictment based on an alleged discovery violation must be raised by filing a pretrial motion. Fed. R. Crim. P. 12(b)(3)(E). Trial of this matter occurred more than ten years ago. Consequently, the Court lacks jurisdiction to entertain Defendant's motion to dismiss the indictment. Moreover, Defendant's motion effectively challenges the legality of his conviction, which is more properly addressed in a § 2255 motion to vacate. See United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). As previously stated, the Court lacks jurisdiction to entertain any request for relief under § 2255 as Defendant has not obtained permission to file a successive motion to vacate. Holt, 417 F.3d at 1175. The Court accordingly **DENIES** Defendant's motion to dismiss the indictment for lack of jurisdiction. The Court **DENIES as moot** Defendant's request to set the motion for a hearing.

### C. Motion to Pursue Charges

Defendant alleges his conviction was obtained through the misconduct of law enforcement agents with the GBI and Colquitt County Jail. Specifically, Defendant alleges GBI agents Mike Callahan and Sean Ladson destroyed evidence and offered false testimony before the grand jury and at trial. Defendant moves the Court to institute charges against these individuals for making false statements under oath pursuant to 18 U.S.C. 1623.

The Court lacks the authority to institute charges. Rather, "the Government has the power to bring these charges, the grand jury has the power to indict on these charges, and the Court has the power to hear this case." United States v. Williams, No. 5:16-CR-64 (MTT), 2017 WL 11428139, at * 3 (M.D. Ga. April 11, 2017). Defendant's request that the Court pursue charges against any official is therefore **DENIED**.

### D.  Motion for Appointment of Counsel

Defendant moves the Court to appoint counsel to assist him in pursuing his miscellaneous motions for post-conviction relief. Having found the Court lacks jurisdiction to consider any of Defendant's motions, the Court **DENIES as moot** Defendant's motion to appoint counsel.

### III.  CONCLUSION

For the foregoing reasons the Court **DENIES** Defendant's motion for disclosure of Plaintiff's recorded interview (Docs. 136, 141); motion to dismiss the indictment (Docs. 145, 147, 151); motion to set a hearing on motion to dismiss the indictment (Doc. 149); motion to pursue charges against law enforcement agents (Docs. 152, 154); motion to appoint counsel (Doc. 146).

**SO ORDERED**, this 13th day of July, 2023.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks